UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-cv-24140-GAYLES
CASE NO.: 17-cv-20782-GAYLES

MSP RECOVERY CLAIMS, SERIES LLC,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CONSOLIDATED CLASS ACTION COMPLAINT**

Plaintiff cannot avoid Magistrate Judge Torres' on point recommendation of dismissal under the two-dismissal rule based on the same facts as in this case. *See MSP Recovery Claims, Series LLC v. Esurance*, No. 20c23490, ECF 27 (S.D. Fla. Apr. 8, 2021), *objections filed* (Opinion attached as Exhibit A). There, as here, this Plaintiff group previously filed and voluntarily dismissed two substantively similar lawsuits against the defendant. Magistrate Judge Torres found the two-dismissal rule mandated dismissal even though the named plaintiffs were different and the claims at issue were not identical, and despite the fact that one of the cases involved only no-fault claims while the other involved no-fault and settlement claims. The same analysis applies here.

Plaintiff merely says it "disagrees" with Magistrate Judge Torres, and that the voluntary dismissal in *MSPA Claims 1, LLC v. Allstate Insurance Company,* Case No. 2014-18500-CA-01 ("La Ley"), should be disregarded because it involved different facts -- *i.e.,* La Ley involved no-fault claims while the second suit Plaintiff voluntarily dismissed, *MAO-MSO Recovery II, LLC v. Allstate Ins.* Co., No. 17cv2370 (N.D. Ill.) ("MAO2"), and this case involve "settlements" claims. But Magistrate Judge Torres' conclusion that no-fault and settlement claims are the same for purposes of the two-dismissal rule was well-reasoned and should be followed here.

At bottom, Plaintiff cannot dispute that the crux of this lawsuit, MAO2 and La Ley is that Defendant, as an alleged primary payer, has violated the MSP Act by failing to pay or reimburse Plaintiff or its purported assignors for conditional payments they made for Medicare enrollees' medical expenses. Magistrate Judge Torres expressly recognized that as the central liability theory underlying all Plaintiff's lawsuits, and this is true regardless whether no-fault or settlement claims are involved. *Esurance,* p. 10 ("The Court has little difficulty concluding that the current case and Esurance I arise out of the same nucleus of operative fact, or [are] based upon the same factual predicate.") (citation and internal quotation omitted).

Plaintiff also argues this suit and MAO2 involve certain claims and assignments that occurred after the La Ley suit, and therefore the two-dismissal rule cannot apply since these claims could not have been brought in the La Ley suit. For instance, Plaintiff points to the 13 exemplar claims listed in the Complaint and argues the accidents and assignments for these claims arose years after the 2014 La Ley action and 2017 MAO2 case were filed, going so far as to include a color-coded chart to illustrate this. (Pl. Brf. p. 7.) Plaintiff also argues each separate claim and each separate MSP Act violation is a separate "transaction." (Pl. Brf. p. 9.)

Again, this very argument was rightly rejected by Magistrate Judge Torres. Dispositively, nowhere does Plaintiff maintain that these 13 claims are the only ones it is asserting in this case, or that it is not asserting any claims here that were extant at the time of the La Ley and MAO2 actions and therefore could have been brought in those actions. Put simply, there is no dispute that some of the payments at issue in all three cases are the same. As Magistrate Judge Torres observed in *Esurance* (at p. 12), in rejecting Plaintiff's argument in language equally applicable here: "Given MSP's pleading method of not specifically describing every claim within the body of each complaint, this comparison [i.e., that that some of the claims in this case did not exist nor did MSP possess an assignment to all the claims when Esurance I was filed] is meaningless." *Esurance* R&R, p. 12 (citing *MSP Recovery Claims, Series LLC v. Hartford Fin. Services Group*, No. 20cv0305 (D. Conn. Mar. 2, 2021) (Opinion attached as Exhibit B), wherein the court ordered this Plaintiff to pay the costs for the defendants in a similar case under Rule 41(d), holding that the suits were "based on or including the same claim," even though the cases involved different assignments, because the "addition of new claims to previously filed claims does not prevent the application of Rule 41(d)."). In any event, the test for application of the two-dismissal rule is simply whether the

2

current case and the prior voluntarily dismissed cases involve the same nucleus of operative fact -- and here, as demonstrated above, they clearly do.

      Plaintiff also contends that the parties in the different lawsuits were not the same. But Plaintiff cannot avoid the case law holding that the two-dismissal rule applies even if the named plaintiffs or defendants are different where, as here, privity exists between the parties.[1] Nor does Plaintiff dispute Defendant's showing (Def. Opening Brief, pp. 7-8) that such privity exists here, including based on the "substantive legal relationship" between the Plaintiffs in these cases, as demonstrated by the Complaint allegations and the publicly available information detailed in Defendant's Opening Brief (at pp. 7-8). As Magistrate Judge Torres held in *Esurance,* at p. 14, "[t]here is at least a "substantive legal relationship" between MSP and the MAO I and MAO II plaintiff MSP Recovery, LLC." The same rationale applies here.

      Plaintiff also argues that Defendant waived the two-dismissal rule because it has never objected to Plaintiff's litigating no-fault and settlement claims separately which, according to Plaintiff, means Defendant agrees that no-fault and settlement cases do not involve the same claim. (Pl. Brf. p. 10). Plaintiff ignores that the MAO II case was promptly voluntarily dismissed, so there was no opportunity for such objection. Certainly, Defendant has never conceded, implicitly or expressly, that no-fault and settlement actions are not the same claim for purposes of the two-dismissal rule. And, as Magistrate Judge Torres correctly held, they are.

---

[1] *See, e.g., Ferretti v. NCL (Bahamas) Ltd.*, No. 17-CV-20202, 2018 WL 6169285, at *4 (S.D. Fla. Nov. 26, 2018) (two dismissal rule applied even where parties were not identical); *McAdory-Conner v. Cooper*, No. 118CV00768TWTJFK, 2018 WL 3702465, at *9 (N.D. Ga. Apr. 5, 2018), *report and recommendation adopted,* No. 1:18-CV-768-TWT, 2018 WL 3862507 (N.D. Ga. Aug. 14, 2018) (two dismissal rule applied where different parties' interests were adequately protected by original parties).

Plaintiff cites *Clements v. Airport Auth. of Washoe Cty.*, 69 F.3d 321, 328 (9th Cir. 1995), for the proposition that the "failure of the defendant to object to the prosecution of dual proceedings while both proceedings are pending also constitutes waiver [of the res judicata defense]." (Pl. Brf. p. 10.) *Clements* did not even involve the two-dismissal rule and, in any event, there were no "dual proceedings" here since neither MAO2 nor La Ley, the prior actions Plaintiff voluntarily dismissed, was pending when Defendant raised the two-dismissal defense in this case. In other words, there have never been dual proceedings to which to object here.

Finally, Plaintiff erroneously argues (Pl. Brf. p. 2) that Defendant objected to this "settlements" case being folded into a no-fault case in Illinois and stipulated to Plaintiff's litigating the settlements claims separately from the Illinois no-fault claims, citing the parties' December 2, 2020 "data matching" stipulation in the Illinois no-fault case. *MAO-MSO Recovery II, LLC v. Allstate Ins. Co.*, No. 17cv1340 (N.D. Ill.) ("MAO 1"), ECF 146. Contrary to Plaintiff's contention, what this stipulation actually states is that Defendant rejected Plaintiff's proposal that, in lieu of Plaintiff's amending its complaint in the MAO1 case, or filing a new complaint involving settlements claims, Defendant could provide Plaintiff with settlements data in MAO1, and that the parties were continuing to meet and confer on this topic. *Id.*[2] That Defendant ultimately did not agree to provide Plaintiff with settlement-related data in the MAO1 case is legally irrelevant. Defendant did absolutely nothing to prevent Plaintiff from filing an amended complaint asserting

---

[2] *See* MAO1, ECF 146 (stating, in relevant part: "On July 2, 2018, a companion case for "settlement" (third-party) claims against Allstate, matter 1:17-cv-02370, was voluntarily dismissed. Plaintiff Entities assert that they hold valid claims of this type against Allstate and its subsidiary and affiliate entities and are prepared to pursue those claims. Counsel for the Plaintiff Entities proposed that, in lieu of (a) refiling a separate action pursuing these claims or (b) amending the current complaint to include third-party claims, Allstate would submit data relating to claims made under third-party policies that resulted in a settlement. After a meet-and-confer on this subject, Allstate rejected this proposal. The parties are continuing to meet and confer on this topic.").

4

settlements claims in MAO I.  Nor did the parties' stipulation mean that if Plaintiff filed a separate settlements case that Defendant waived any defenses, as it would have asserted the same double dismissal defense had Plaintiff tried to amend in MAO1.  Critically, Plaintiff first filed the instant action on October 9, 2020, which was *before* the parties' December 2, 2020 stipulation in the Illinois case, and the initial Complaint here alleged, at that time, *both* no-fault and settlement claims.  *See* 20cv24140, ECF 1, ¶¶ 2, 33, 38 (referring to both no-fault and liability/"settlements" policies and claims).  So, the parties' stipulation obviously had nothing to do with Plaintiff filing a settlements-based claim in this or any other case.  In all events, nothing Defendant did amounted to a concession that no-fault and settlements claims do not arise out of the same nucleus of operative fact for purposes of asserting the two-dismissal rule in this case, which is the controlling legal standard for application of that rule.  For all these reasons, the two-dismissal rule bars Plaintiff's claims here.

Plaintiff also does not adequately rebut Defendant's showing that Plaintiff has not sufficiently alleged, as required by clear Eleventh Circuit law (see Def. Opening Brf. pp. 9-13), a basis for Defendant's responsibility to make any primary payments here.  Plaintiff cites *MSP Recovery Claims, Series LLC v. Ace Am. Ins. Co.*, 974 F.3d 1305, 1309 (11th Cir. 2020), and *Taransky v. Sec'y of HHS,* 760 F.3d 307, 315 (3d Cir. 2014), for the proposition that an insurer's reporting of claims to CMS, or the mere existence of a settlement, is enough to establish the demonstrated responsibility requirement.  But Plaintiff completely fails to address Defendant's showing that *Ace* did not purport to change or overrule the Eleventh Circuit's prior holding in *MSP Recovery v. Allstate Insurance Co.*, 835 F.3d 1351, 1361 (11th Cir. 2016), requiring claimants to plead the factual basis for the insurer's responsibility.  Indeed, if Plaintiff were correct, Judge Cooke could not have held, as she did in *MSP Recovery Claims, Series LLC v. MGA Ins. Co., Inc.*,

5

No. 20-21624-CIV, 2020 WL 7974492, at *1-2 (S.D. Fla. Dec. 31, 2020), that even where, as here, this Plaintiff group alleged some exemplars, that was still not sufficient to validly plead this type of claim. *See also MSP Recovery Claims, LLC v. Metro. Gen Ins. Co.*, No. CV 20-24052-CIV, 2021 WL 804716, at *3 (S.D. Fla. Mar. 3, 2021), *reconsideration denied,* No. 20-24052-CIV, 2021 WL 1526334 (S.D. Fla. Apr. 19, 2021), *app. filed* (dismissing a complaint by this Plaintiff group, also post-*Ace*, for failure to specifically plead demonstrated responsibility). Indeed, Plaintiff's contrary position is totally inconsistent with the relevant statute, as an insurer's knowledge that it may *generally* owe primary payments is simply not the same as demonstrating that the insurer has the responsibility to make payment for a particular "**item or service**," as the MSP Act requires. 42 U.S.C. § 1395y(b)(2)(B)(ii) (bold emphasis added).

And *Taransky* actually supports Defendant's position, because the court held that "the scope of the plan's responsibility' for the beneficiary's medical expenses—and thus of [the beneficiary's] own obligation to reimburse Medicare—is ultimately defined by the scope of [the beneficiary's] own claim against the third party that is later released in settlement." 760 F.3d at 315 (citation and internal quotations omitted). As *Taransky* clearly shows, the mere existence of a settlement does not demonstrate the insurer's responsibility for payment in the absence of specific pleading regarding the scope of the underlying claims asserted and released, which would always have to be examined to determine if Medicare or an MAO was actually entitled to reimbursement. And the cases making this point are legion.[3] In this regard, the CMS Medicare Secondary Payer Manual provision Plaintiff

---

[3] *See also Bradley v. Sebelius*, 621 F.3d 1330, 1337 (11th Cir. 2010) (where settlement of wrongful death action included estate's medical expenses as well as non-medical claims of decedent's children, only estate's allocated share of settlement could be recovered by Medicare); *Mackrides v. Marshalls*, No. 11-CV-6540, 2013 WL 1755216, at *5 (E.D. Pa. Apr. 24, 2013) (indicating mere existence of settlement agreement is not enough to require reimbursement to Medicare; rather "it is incumbent upon the government to show how much money it is entitled to from a settlement fund."); *Weinstein v. Sebelius,* No. CIV. A. 12-154, 2013 WL 1187052, at *1 (E.D. Pa. Feb. 13, 2013),

cites (Pl. Brf. p. 12) for the proposition that settling parties may not avoid obligations to Medicare, and that Medicare may recover from liability settlements regardless how the settlement agreement stipulates disbursement of the proceeds, is also misplaced. Nothing in that provision, which simply bars collusive settlements, supports the proposition that a settlement agreement in itself demonstrates that a defendant insurer must pay for any and all medical expenses, including those for which it owes no coverage, without an examination of the agreement's scope.

Plaintiff's position that merely alleging Defendant reported claims to CMS is sufficient to demonstrate responsibility is also fully negated by recent legislation, the Provide Accurate Information Directly ("PAID") Act, H.R. 1375 (S. 1989), which amends 42 U.S.C. 1359y(b)(8)(G).[4] As the PAID Act's legislative history expressly recognizes, insurers currently have no way of knowing of the existence of an MAO because CMS does not provide them with that information when they report. So, merely reporting a claim to CMS/Medicare does not establish an insurer's supposed obligation to pay. And courts have specifically so held.[5]

Plaintiff makes much of the dates, diagnosis codes, and amounts paid by assignors it has alleged for its 13 exemplar claims (Pl. Brf. pp. 14-15), but none of these allegations demonstrates

---

*report and recommendation adopted*, No. CIV. 12-154, 2013 WL 1187048 (E.D. Pa. Mar. 22, 2013) (same principle); *Salveson v. Sebelius*, No. CIV. 10-4045, 2012 WL 1665424, at *7-8 (D.S.D. May 11, 2012) (same principle).

[4] The PAID Act requires CMS to identify, in response to an inquiry from insurers, whether an individual was enrolled in Medicare, Medicare Advantage, or the Medicare prescription drug benefit plans during the preceding three-year period. https://www.congress.gov/bill/116th-congress/senate-bill/1989?s=1&r=8. The legislative history of the Act specifically describes the problem with settling parties not having information about MAOs and the goal of the legislation to solve that problem by requiring CMS to provide settling parties with MA plan information. 166 Cong. Rec. S7324-01, 166 Cong. Rec. S7324-01, S7324 (Dec. 9, 2020).

[5] *See, e.g., MSP Recovery Claims, Series LLC v. AIG Prop. Cas. Co.*, No. 20-CV-2102, 2021 WL 1164091, at *6 (S.D.N.Y. Mar. 26, 2021); *MSPA Claims 1, LLC v. Covington Spec. Ins. Co.*, No. 19cv21583, ECF 170 (S.D. Fla. May 24, 2021) (Opinion attached as Exhibit C), pp. 20-25 (same, citing *AIG*).

Defendant's responsibility for payment. Specifically, there are no allegations whatsoever as to the scope of the settlements involved, as required by the above cases. Moreover, there are no factual allegations that the particular treatments were reasonable, necessary or related to the relevant automobile accident. This case is just like *MGA* where, as noted, Judge Cooke dismissed one of this Plaintiff group's cases even though it contained exemplars, stating, in language equally applicable here, Plaintiff "curiously asserts a 'greater universe' of unidentified claims against the Defendant, and then describes two 'exemplar' claims for which Defendant is allegedly responsible. . . . [The Complaint is] unclear about whether the claims asserted are limited to the assignors and or enrollees identified in relation to the "exemplar" claims, or if Plaintiff is attempting to assert claims on behalf of an unidentified group of assignors and enrollees. Given the obvious deficiencies of the pleading in the Amended Complaint and Counsel's assumed familiarity with the applicable Rules of Civil Procedure, further discussion about the impropriety of these allegations is surely not required." 2020 WL 7974492, at *1 (S.D. Fla. Dec. 31, 2020). Here too, merely listing amounts, treatment dates and codes for a few exemplar claims, along with a greater universe of unidentified claims, is legally insufficient in the absence of specific allegations about the scope of the underlying settlements and the reasonableness, necessity and accident-relatedness of the treatment. Plaintiff's allegations therefore do, contrary to its contention, amount to the same type of "shotgun" pleading this Court dismissed, again post-*Ace*, in yet another of these lawsuits, *MSP Recovery Claims, Series LLC v. United Servs. Auto. Ass'n*, No. 20-CV-21530, 2021 WL 861314, at *4 (S.D. Fla. Mar. 8, 2021).[6] Accordingly, Plaintiff's failure to adequately allege demonstrated responsibility also requires dismissal of its entire Complaint.

---

[6] *See also AIG*, 2021 WL 1164091, at *12 (same principle).

Alternatively, as to dismissal of the class allegations, Plaintiff's argument is just that this Court has previously ruled against this sort of motion, so that should control. Notably, however, these prior rulings were issued without the benefit of the recent, pivotal Seventh Circuit decision in a substantively identical case, *MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 869 (7th Cir. 2021), which leaves no doubt that there can never, in any possible circumstances, be predominating questions of law or fact in a case such as this. The Seventh Circuit made clear that plaintiffs cannot simply come to court as alleged assignees of potential claims of MAOs arising from payments for a Medicare enrollee's medical expenses, hoping to find a payment that is actually owed by the defendant insurer. *Id.* at 873. Instead, they must plead and prove a concrete example of a conditional payment made to an exemplar Medicare beneficiary that the insurer, as a purported primary payer, actually owed and failed to reimburse to the MAO. *Id.* The plaintiff in *State Farm* failed to make this showing with the exemplar beneficiary there, because the evidence showed the medical expenses for that individual were not related to the beneficiary's accident. *Id.* at 875-77.

As *State Farm* confirms, individualized defenses -- in that case, whether the medical expenses for the plaintiff's exemplar claim were accident-related -- must *always* be considered in these matters. *Id.* at 873-77. There is no reason to believe the Eleventh Circuit would disagree, since that is the clear import of *MSP Recovery v. Allstate.* And Plaintiff has no substantive answer at all to Defendant's showing that, from the face of the Complaint here, there can be no predominating common questions, regardless of what any class discovery might show, given the unavoidable predominating individualized issues, such as the accident-relatedness one in *State Farm,* that will need to be resolved for Plaintiff to demonstrate Defendant's responsibility for each

and every disputed medical transaction.[7] Plaintiff also completely ignores Defendant's showing that Plaintiff's putative nationwide class allegations further preclude class treatment here -- another issue this Court was not called upon to consider in its prior decisions -- because of the need to apply the varying laws of all 50 states.

Plaintiff wants this Court to simply defer the inevitable denial of class treatment here until after discovery. But that is precisely the point of the *in terrorem* impact of class actions, decried by the Eleventh Circuit in *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1276 (11th Cir. 2019). No matter what such costly discovery shows, the predominating individualized issues of whether Defendant has a responsibility to pay, including under the varying laws of all fifty states, will swamp any common issues as a matter of law, and Defendant should not be forced to incur these substantial class discovery costs when no class could ever validly be certified here.

## CONCLUSION

For all the foregoing reasons, as well as those set forth in its Opening Brief, Defendant respectfully requests this Court to enter an order dismissing this action in its entirety or, alternatively, dismissing its class action allegations.

Respectfully submitted,

GUNSTER
600 Brickell Avenue, Suite 3500
Miami, Florida  33131
Telephone:  305-376-6000
Facsimile: 305-376-6010
acortinas@gunster.com

By: /s/   Angel A. Cortiñas
         Angel A. Cortiñas, FBN 797529

---

[7] *Accord Ocean Harbor Cas. Ins. v. MSPA Claims, 1*, 261 So. 3d 637, 645-46 (Fla. 3d DCA 2018), *pet. for review denied* (Fla. Oct. 31, 2019); *IDS Prop. Cas. Ins. Co. v. MSPA Claims 1, LLC,* 263 So. 3d 122, 124 (Fla. 3d DCA 2018) *MSP Recovery Claims, Series LLC v. Plymouth Rock Assurance Corp.*, No. 1:18-CV-11702-ADB, 2019 WL 6791962, at *5 (D. Mass. Dec. 12, 2019).

        Steven M. Levy (pro hac vice)
steven.levy@dentons.com
DENTONS US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Telephone: 312-876-8000
Facsimile: 312-876-7934

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2021, the foregoing was filed using the Court's CM/ECF system and served via email or transmission of Notices of Electronic Filing generated by CM/ECF to all counsel by the Court's CM/ECF system.

By: /s/ Angel A. Cortiñas