**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 20-cv-24140-GAYLES/OTAZO-REYES

MSP RECOVERY CLAIMS, SERIES LLC,

    Plaintiff,
v.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Consolidated Class Action Complaint (the "Motion") [ECF No. 34]. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

## BACKGROUND

Plaintiff MSP Recovery Claims, Series LLC ("MSPRC") bring this putative class action against Defendant Allstate Insurance Company ("Allstate"), seeking reimbursement for conditional payments made on behalf of Medicare Part C enrollees in accordance with the Medicare Secondary Payer Act ("MSP Act").

**I.   The MSP ACT**

In 1980, in an effort to reduce health care costs to the federal government, Congress enacted the MSP Act. *See Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1306 (11th Cir. 2006). The MSP Act made "Medicare the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer." *Id.* Subparagraph (2)(B) of the MSP Act permits Medicare to "make conditional payments for covered services, even when another

1

source may be obligated to pay, if that other source is not expected to pay promptly." *Id.* (internal quotation omitted). However, "[s]uch payment is conditioned on Medicare's right to reimbursement if a primary plan later pays or is found to be responsible for payment of the item or service." *Id*.

The MSP Act's conditional payment provision permits the United States to bring an action for double damages against a primary insurer or an entity that received payment from a primary insurer when that primary insurer or entity fails to reimburse Medicare for conditional payments made on behalf of an enrollee. 42 U.S.C. § 1395y(b)(2)(B)(iii). In addition, the MSP Act provides for "a private cause of action for damages (which shall be in an amount double the amount otherwise provided) in the case of a primary plan which fails to provide for primary payment (or appropriate reimbursement) in accordance with paragraphs (1) and (2)(A)." § 1395y(b)(3)(A).

In 1997, Congress created the Medicare Advantage program wherein private insurance companies, operating as Medicare Advantage Organizations ("MAOs"), contract with the Centers for Medicare and Medicaid Services to administer Medicare benefits to individuals enrolled in a Medicare Advantage program under Medicare Part C. *See Humana Med. Plan, Inc. v. W. Heritage Ins.*, 832 F.3d 1229, 1234 (2016). Part C designates MAOs as secondary payers, like Medicare. 42 U.S.C. § 1395w-22(a)(4). "[A]n MAO may avail itself of the MSP private cause of action when a primary plan fails to make primary payment or to reimburse the MAO's secondary payment." *Humana*, 832 F.3d at 1238.

## II. The Assignments

MSPRC and its related entities "are collection agencies that specialize in recovering funds on behalf of various actors in the Medicare Advantage system." *MSP Recovery Claims, Series LLC v. Ace American Ins. Co.*, 974 F.3d 1305, 1308 (11th Cir. 2020). MSPRC alleges that it has standing to bring MSP Claims against Allstate based on assignments from AvMed, Inc.

"(AvMed"), Health First Health Plan, Inc. ("HFHP"), Family Physicians Group d/b/a Family Physicians of Winter Park, P.A. ("FPGI"), Trinity Physicians LLC ("TPS"), and Verimed IPA, LLC ("VMIL") (collectively the "Assignors"). [ECF No. 33].

### III.    Prior Actions

MSPRC and its related entities have filed hundreds of actions against insurance companies. Included in those many actions are two prior actions filed by MSPA Claims 1, LLC ("MSPAC"), an original Plaintiff in this action, against Allstate. *See MAO-MSO Recovery II, LLC v. Allstate Ins. Co.*, No. 17cv2370 (N.D. Illl.) ("Prior Action 1") and *MSPA Claims 1, LLC v. Allstate Ins. Co.*, Case No. 2014-18500-CA-01 ("Prior Action 2"). In both of the prior actions, MSPAC voluntarily dismissed its claims against Allstate.

### IV.    The Current Action

#### A.    The Complaint

On October 9, 2020, MSPRC, MSPAC, and MAO-MSO Recovery II, LLC, Series PMPI, a segregated series of MAO-MSO II LLC ("MAO-MSO") filed this action against Allstate and Allstate Fire and Casualty Insurance Co. ("Allstate Fire") alleging (1) a private cause of action, pursuant to 42 U.S.C. § 1395y(b)(3)(A), and (2) breach of contract via subrogation, pursuant to 42 C.F.R. § 411.24(e). [ECF No. 1]. On February 24, 2021, the Court entered an order consolidating this action with *MSPA Claims 1, LLC v. Allstate Property and Casualty Ins. Co.*, Case No. 17-cv-20782-Gayles. [ECF No. 32]. On March 26, 2021, MSPRC filed the Consolidated Class Action Complaint against Allstate (the "Consolidated Complaint"). [ECF NO. 33].[1]

To establish standing, MSPRC alleges thirteen examples of its assignors' MSP claims (the "Exemplars"). For each Exemplar, MSPRC alleges that (1) an enrollee in either an AvMed, HFHP, FPGI, TPS, or VMIL Medicare Advantage plan was injured in an accident; (2) the tortfeasor in

---

1 The Consolidated Complaint drops MSPAC and MAO-MSO as Plaintiffs and Allstate Fire as a Defendant.

the accident had a primary policy of insurance with Allstate; (3) AvMed, HFHP, FPGI, TPS or VMIL paid a portion of enrollee's accident-related medical expenses; (4) Allstate indemnified its insured tortfeasor and made payments pursuant to a settlement with the enrollee; and (5) Allstate reported information regarding the accident to Centers for Medicare and Medicare Services ("CMS"). [ECF No. 33, ¶¶ 55-190].

In addition to the Exemplars, MSPRC alleges that a spreadsheet, attached to the Consolidated Complaint as Exhibit A, identifies "all of the instances where Defendant admitted, by reporting to CMS, that it was obligated (pursuant to a liability policy) to provide primary payment on behalf of Enrollees for conditional payments made by Plaintiff's assignors . . . [and] [o]n information and belief, in those instances where Defendant reported itself responsible pursuant to liability policies, it did so as a result of entering into settlement agreements with the Enrollee at issue." [ECF No. 33 ¶ 43-44, Exhibit A]. The spreadsheet lists enrollees' member IDs and names (redacted), enrollment dates, the contract plan numbers, the reporting primary insurers (e.g., Allstate), the types of insurance, and the assignors. *Id.*

B. The Motion to Dismiss

On April 23, 2021, Allstate moved to dismiss the Consolidated Complaint arguing (1) dismissal should be granted based on Federal Rule of Civil Procedure 41(a)(1)(B)'s "two dismissal" rule; (2) MSPRC fails to sufficiently allege Allstate's responsibility to pay; and (3) MSPRC's class allegations fail as a matter of law. [ECF No. 34].

## ANALYSIS

I. *Res Judicata*

Allstate argues that this action is barred by *res judicata*, through Federal Rule of Civil Procedure 41(a)'s "two-dismissal" rule, because one of the original Plaintiffs in this action,

4

MSPAC, previously filed and voluntarily dismissed Prior Action 1 and Prior Action 2 against Allstate.

"To invoke res judicata—also called claim preclusion—a party must establish four elements: that the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *TVPZ ARS, Inc. v. Genworth Life and Annuity Ins. Co.*, 959 F. 3d 1318, 1325 (11th Cir. 2020) (citing *Trustmark Ins. Co. v. ESLU, Inc.*, 299 F.3d 1265, 1269 (11th Cir. 2002)). The doctrine "applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Id.* Further, under Rule 41(a)(1)(B), if a "plaintiff previously dismissed any federal or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed.R.Civ.P. 41(a)(1)(B). "[R]es judicata is not a defense under Rule 12(b), and generally should be raised as an affirmative defense under Rule 8(c), Fed.R.Civ.P., [however], it may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint." *Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015).

At this stage of the litigation, the Court cannot find that MSPRC's claims are barred by *res judicata*. While the Court is aware of the prior actions, claim preclusion is not apparent from the face of the Consolidated Complaint. Accordingly, the motion to dismiss on this ground is denied without prejudice. Allstate may raise its *res judicata* defense in a motion for summary judgment.

## II.     Responsibility to Pay

Allstate argues that MSPRC fails to allege a legitimate basis for Allstate's payment responsibility. "[T]he MSP Act requires a primary plan to reimburse Medicare only 'if it is demonstrated that such primary plan has or had a responsibility to make payment with respect to such item or service.'" *MSP Recovery Claims, Series LLC v. Metropolitan General*, No. 21-11547,

2022 WL 2800850, *6 (11th Cir. July 18, 2022) (quoting § 1395y(b)(2)(B)(ii)). A plaintiff can demonstrate a primary plan's responsibility to make payment by "a judgment, a payment conditioned upon the recipient's compromise, waiver, or release (whether or not there is a determination or admission of liability) of payment for items or services included in a claim against the primary plan or the primary plan's insured, or by other means." § 1395y(b)(2)(B)(ii). The Eleventh Circuit recently held:

> [T]o survive a motion to dismiss on Medicare Secondary Payer Act claims, a plaintiff must plausibly allege that a defendant's responsibility to pay had been demonstrated before filing suit, and a defendant must have (at least constructively) known of such obligation. A defendant's responsibility can be shown in many ways, including by having a contractual obligation to pay and entering into a settlement agreement with a beneficiary for accident-related medical expenses. As to the knowledge requirement, a defendant's CMS filings evidence constructive knowledge that the defendant owed primary payments.
>
> . . .
>
> MSP Recovery alleged that Defendants had contractual obligations and settlement agreements with beneficiaries that made them responsible to pay for the claims listed in Exhibit A, and that Defendants reported these obligations and settlements to CMS. We hold that, at this stage, MSP Recovery's allegations "satisfy the demonstrated responsibility prerequisite."

*Metropolitan General*, 2022 WL 2800850, at *7. (quoting *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1362-63 (11th Cir. 2016)). With respect to the allegations regarding demonstrated responsibility, MSPRC's allegations in the Consolidated Complaint are indistinguishable from the allegations found sufficient in *Metropolitan General*. *See* [ECF No. 33, ¶¶ 43-44]. Accordingly, at this stage of the litigation, the Court finds that MSPRC's allegations "satisfy the demonstrated responsibility prerequisite." *Metropolitan General*, 2022 WL 2800850 at *7 (quoting *Allstate*, 835 F.3d at 1362-63).

### III. Class Allegations

Allstate also argues that MSPRC's class allegations fail as a matter of law. The Court declines to address the class allegations at this time. Allstate may raise its arguments as to the purported class action in response to a motion for class certification.

### CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss Plaintiff's Consolidated Class Action Complaint [ECF No. 34] is **DENIED.**

2. Allstate shall answer the Consolidated Class Action Complaint [ECF No. 33] within twenty (20) days of the date of this order.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of July, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE